UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DESHAWN ST. CLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-394-JCH |
| | ) |
| TRANSUNION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff DeShawn St. Clair for leave to proceed *in forma pauperis* in this civil action. The Court has considered the motion and the financial information provided therein, and has determined to grant the motion. Additionally, the Court will give plaintiff the opportunity to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff states he brings this action pursuant to 15 U.S.C. § 1681 against TransUnion, which is a credit reporting agency that plaintiff states is based in Chicago, Illinois. In setting forth his claim for relief, plaintiff states his "credit was damaged over the past few months. From failure to comply under the FCRA." Plaintiff claims this caused him emotional stress "due to me wanting to purchase a vehicle & new home." He seeks "punitive & emotional damages" for violating the Fair Credit Reporting Act "for not responding after first 30 days."

## Discussion

The Court is unable to discern exactly what claim plaintiff intends to bring against TransUnion under the Fair Credit Reporting Act, 15 U.S.C. § 1681. To the extent plaintiff is asserting that defendant Experian reported inaccurate information on his credit report and failed to properly investigate and then fix the information once he reported the inaccuracy, he has not

2

properly alleged such a claim. Therefore, this case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

Because plaintiff is proceeding *pro se*, the Court will allow him to amend his complaint. Plaintiff is warned that the amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-issued form within thirty (30) days of the date of this Memorandum and Order.

**Plaintiff's failure to timely comply with this order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 5th day of April, 2019.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

3